UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LARRY HESTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:20-cv-00490 |
| | ) Judge Trauger |
| THE BANCORP BANK, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Larry Hester, a *pro se* Tennessee resident, filed a civil complaint against The Bancorp Bank (Doc. No. 1) and an application to proceed as a pauper (Doc. No. 6). As explained below, this action will be dismissed without prejudice for lack of subject matter jurisdiction.

### I. Application to Proceed as a Pauper

The court may authorize a person to file a civil suit without paying the $400.00 filing fee. 28 U.S.C. § 1915(a). The plaintiff's application to proceed as a pauper reflects that he cannot pay the $400.00 filing fee without undue hardship. Accordingly, the application (Doc. No. 6) is **GRANTED**.

### II. Subject Matter Jurisdiction

The court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "A plaintiff has the burden of establishing jurisdiction." *Erdman v. Robinson*, 115 F. App'x 778, 779 (6th Cir. 2004) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). The court must liberally construe a *pro se* party's pleading, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S.

97, 106 (1976)), but will not "abrogate basic pleading essentials in *pro se* suits." *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Here, the plaintiff sues The Bancorp Bank, a corporation alleged to be incorporated in South Dakota with its principal place of business in Idaho, for allowing people to take money from his bank account without his authorization on several occasions. (Doc. No. 1 at 4.) The plaintiff alleges that these unauthorized withdrawals occurred on February 13, 2020, May 1, 2020, and May 27, 2020, totaling $2,108.00. (*Id.*) Rather than reimburse the plaintiff for this amount, the bank closed the plaintiff's account. (*Id.* at 5.) He requests to be paid this amount "with interest," and a "full apology" from the bank. (*Id.*)

As the complaint form used by the plaintiff explains, federal courts are courts of limited jurisdiction. (Doc. No. 1 at 3); *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Federal courts have jurisdiction "over two general types of cases: cases that 'arise[e] under federal law, [28 U.S.C.] § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, [28 U.S.C.] § 1332(a)." *Home Depot*, 139 S. Ct. at 1746. The plaintiff relies on just this first type of jurisdiction. (Doc. No. 1 at 3.) Even so, the plaintiff has not demonstrated that either type of jurisdiction exists here.

First, the plaintiff has not provided a basis for the court to exercise federal question jurisdiction. The court's "review of whether federal-question jurisdiction exists is governed by the well-pleaded complaint rule, which provides that jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint." *Kitzmann v. Local 619-M Graphic Commc'ns Conference of Int'l Bhd. of Teamsters*, 415 F. App'x 714, 716 (6th Cir. 2011) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Here, the plaintiff does not cite any specific federal law in the complaint. And in the space on the complaint form for listing "specific federal statutes,

federal treaties, and/or provisions of the United States Constitution that are at issue in this case," the plaintiff states only "Bank Fraud." (*Id.*) That is insufficient to state a federal claim for relief.[1] *See Perry v. United Parcel Serv.*, 90 F. App'x 860, 861 (6th Cir. 2004) (citing *Codd v. Brown*, 949 F.2d 879, 882 (6th Cir. 1991)) (explaining that, even under lenient *pro se* standards, "[a] failure to identify a right, privilege or immunity that was violated merits dismissal of the cause of action for failure to state a claim upon which relief can be granted").

Second, to the extent the plaintiff is attempting to assert state law claims in the complaint, he fails to establish the court's diversity jurisdiction. This type of jurisdiction has two elements: (1) "diversity of citizenship among the parties" and (2) an amount in controversy that exceeds $75,000. *Home Depot*, 139 S. Ct. at 1746 (citing 28 U.S.C. § 1332(a)). The plaintiff alleges the first element, but not the second. That is, he requests only $2,108.00, with unspecified interest—well under the $75,000 threshold.

### III. Conclusion

For these reasons, the plaintiff has not established the court's subject matter jurisdiction. Accordingly, this action is **DISMISSED without prejudice** and the court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Specifically, this dismissal is without prejudice to the plaintiff's ability to file an amended complaint in this court identifying and alleging a federal claim. *See Brown v. Matauszak*, 415 F. App'x at 608, 614 (6th Cir. 2011) (internal quotation marks and citation omitted) ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading

---

[1] Bank fraud, it is true, is one of the predicate acts of criminal activity that may support a civil claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *See* 18 U.S.C. § 1961(1). But the plaintiff fails to state a RICO claim for several reasons, including that "only a defrauded financial institution"—not an aggrieved account holder—"may assert bank fraud as a predicate act for a federal RICO claim." *Am. Biocare, Inc., v. Howard & Howard Att'ys, PLLC*, No. 14-cv-14464, 2016 WL 5661583, at *8 (E.D. Mich. Sept. 30, 2016) (collecting cases).

3

or state a claim for relief, the court should dismiss with leave to amend."). Alternatively, the plaintiff may raise any state law claims contained in the complaint in state court, but the court makes no representations regarding the viability of any such claims.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge

4

Case 3:20-cv-00490   Document 8   Filed 07/23/20   Page 4 of 4 PageID #: 25